IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP J. CHARVAT on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br><br>NATIONAL HOLDINGS CORPORATION d/b/a NATIONAL SECURITIES,<br><br>    Defendant. | :<br>:<br>:<br>:    Case No. 2:14-cv-2205<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Philip Charvat ("Plaintiff" or "Mr. Charvat") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant National Holdings Corporation, which does business as National Securities ("National Securities"), placed telemarketing calls to a telephone number Mr. Charvat had registered on the national Do Not Call Registry.

3. Mr. Charvat never consented to receive these calls, and they were placed to him for telemarketing purposes. Mr. Charvat asked the Defendant, in writing, to cease the calling activity. Despite this request, and a statement from an employee of the Defendant that the calling would stop, the calling continued.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of National Securities.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Philip Charvat is a resident of the state of Ohio.

7. Defendant National Holdings Corporation is a Delaware corporation that has its principal office in New York City.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

*The TCPA prohibits telemarketing calls to numbers listed
on the Do Not Call Registry, unless the caller
has the recipient's signed, written consent.*

11. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

14. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

*National Securities places telemarketing calls to the Plaintiff.*

15. National Securities purports to be an investment firm.

16. National Securities uses telemarketing to obtain new clients.

17. Mr. Charvat's home telephone number, (614) 895-XXXX, has been on the National Do Not Call Registry since 2011.

3

18. On August 28, September 5, September 6, September 7, and September 19, 2012, the Plaintiff received telephone calls from telemarketing representatives calling from National Securities.

19. During the telemarketing calls to the Plaintiff, National Securities offered to sell the Plaintiff stocks and offer their goods and services through various pieces of investment advice.

20. During one of the calls, the Plaintiff was given the website, www.National Securities.com.

21. That website is owned and operated by the Defendant.

22. During one of the telemarketing calls, the Plaintiff was also given a telephone number of (646) 292-4183, for the calling party.

23. That number is the phone number for one of the Defendant's employees, Godfrey Corbin.

24. After receiving the first three calls, the Plaintiff wrote a letter to Jonathan Rich, the Defendant's Executive Vice President, informing him about the receipt of the unwanted telemarketing calls.

25. In response, Mr. Charvat received a letter from Alfred Scerbo, the Supervision Officer for the Defendant, who apologized for the inconvenience and placed Mr. Charvat's telephone number on the Defendant's Internal Do Not Call List.

26. Unfortunately, the calls continued after the Defendant had placed Mr. Charvat on their Internal Do Not Call List.

27. On October 25, 2012, and February 27, 2013, Mr. Charvat received more telemarketing calls from the Defendant attempting to offer their goods and services. At least two of these telemarketing calls were made by Ed Turner, an employee of the Defendant.

28. Plaintiff is not a customer of Defendant, and has not provided Defendant with his personal information or telephone number.

## Class Action Allegations

29. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30. The class of persons Plaintiff proposes to represent with respect to Count I is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

31. The class of persons Plaintiff proposes to represent with respect to Count II is tentatively defined as all persons within the United States whose phone numbers were registered on the Defendant's Internal Do Not Call list, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

32. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

33. The classes as defined above are identifiable through phone records and phone number databases.

34. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

35. Plaintiff is a member of the classes.

36. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether National Securities violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether National Securities placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Plaintiffs and the class members are entitled to statutory damages as a result of National Securities's actions.

37. Plaintiff's claims are typical of the claims of class members.

38. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

39. The actions of National Securities are generally applicable to the classes as a whole and to Plaintiff.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

42. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:
Violation of the TCPA's Do Not Call provisions**

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

45. The Defendant's violations were negligent and/or knowing.

**Count Two:
Violation of the TCPA's Internal Do Not Call List Requirement**

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. It is a violation of the TCPA to make a telephone solicitation to any person that has asked not to receive such calls. 47 C.F.R. § 64.1200(d)(3).

48. Telemarketers like the Defendant must honor a do-not-call request immediately. In its July 3, 2003, Final Order implementing 47 C.F.R. § 64.1200(d)(3), the FCC explained:

> We note that the Commission's rules require that entities must record company-specific do-not-call requests and place the subscriber's telephone number on the do-not-call list at the time the request is made.
>
> Therefore, telemarketers with the capability to honor such company-specific do-not-call requests in less than thirty days must do so. We believe this determination adequately balances the privacy interests of those consumers that have requested not to be called with the interests of the telemarketing industry.
>
> Consumers expect their requests not to be called to be honored in a timely manner, and thirty days should be the maximum administrative time necessary for telemarketers to process that request.

*Re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 18 FCC Rcd. 14,014, 14,069, ¶ 94 (July 3, 2003).

49.  A private right of action is available for consumers who have received more than one call within a twelve-month period, in violation of FCC regulations like 47 C.F.R. §64.1200(d)(3). 47 U.S.C. § 227(c)(5).

50.  The Plaintiff was placed on the Defendant's Internal Do Not Call list on or before September 20, 2012.  However, more than 30 days following that time, he received more than one telemarketing call from the Defendant.

51.  The Defendant's violations were negligent and/or knowing.

## Count Three:
## Injunctive relief to bar future TCPA violations

52.  Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53.  The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

54.     The Plaintiff respectfully petitions this Court to order the Defendant, and its employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**Relief Sought**

For himself and all class members, Plaintiff requests the following relief:

1.      That National Securities be restrained from engaging in future telemarketing in violation of the TCPA.

2.      That National Securities, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.      That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4.      That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy (0070654)
Joseph F. Murray (0063373)
Geoffrey J. Moul (0070663)
Jennifer A. Hemenway (0089127)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 *facsimile*
E-mail: murphy@mmmb.com
        murray@mmmb.com
        moul@mmmb.com
        hemenway@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 314-7783 *facsimile*
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*