UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP J. CHARVAT,

        Plaintiff,

           v.

NATIONAL HOLDINGS
CORPORATION d/b/a NATIONAL
SECURITIES,

        Defendant.

Case No. 2:14-cv-2205
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss (ECF No. 19), Plaintiff's response in opposition (ECF No. 24), and Defendant's reply memorandum (ECF No. 30). For the reasons that follow, the Court **DENIES** the motion.

    **I.**    **BACKGROUND**

The facts of this case are uncomplicated. Plaintiff Philip Charvat is a veteran litigant who has brought—and won—a substantial number of lawsuits invoking the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). Plaintiff alleges that his home telephone number has been on the National Do Not Call Registry since 2011. Despite this fact, Plaintiff alleges, telemarketing representatives working for Defendant placed five telephone calls to Plaintiff's home telephone number in 2012. Plaintiff complained of the contact to Defendant's Executive Vice President, who placed Plaintiff's home telephone number on Defendant's Internal Do Not Call List. Plaintiff nevertheless received additional telephone calls to his home number from telemarketers employed by Defendant.

Plaintiff brings three claims for relief in this litigation: a claim for violation of the TCPA's Do Not Call provisions, a claim for violation of the TCPA's Internal Do Not Call List requirement, and a claim for injunctive relief to bar future TCPA violations.  Plaintiff brings each claim on behalf of himself and a class of similarly-situated individuals.

At the time he filed his complaint, Plaintiff also filed a motion to certify class and to stay briefing pending completion of discovery.  The motion contains no substantive evidence; instead, it repeats the allegations in the complaint and requests supplemental briefing once class discovery is completed.

After Plaintiff filed his motion for class certification, on March 6, 2015, Defendant served Plaintiff with a Rule 68 Offer of Judgment ("Offer").  It is undisputed that the Offer gives Plaintiff the maximum he possibly can recover on his individual claim.  Specifically, the Offer allows "Judgment to be entered in favor of Plaintiff in the amount of $10,500, which represents $1,500 for each of the seven calls that [Plaintiff] allegedly received from [Defendant] in violation of the [TCPA]" and "the entry of an injunction against [Defendant] as requested in the Complaint."  (ECF No. 19-2, at PAGEID # 92.)  The Offer further states:

> The intent of this offer of judgment is to provide Plaintiff all of the individual relief sought in the Complaint.  To the extent the offer does not do so, [Defendant] offers to provide Plaintiff with any other relief that this Court determines is necessary under applicable law to fully satisfy Plaintiff's individual claims as alleged in the Complaint.

(*Id*. at PAGEID # 93.)

Plaintiff rejected the Offer.  Although he did not dispute that the Offer would fully satisfy his individual claim, Plaintiff stated: "Mr. Charvat rejects this offer due to the fact that he filed this matter as a class action pursuant to Fed. R. Civ. P. 23, but NHC's settlement offer would

2

only compensate Mr. Charvat individually, and fails to offer complete relief to the class he seeks to represent . . . ." (ECF No. 19-3, at PAGEID # 96.)

Shortly after receiving Plaintiff's rejection letter, Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that the Offer—although unaccepted—mooted Plaintiff's individual claim and deprives this Court of subject matter jurisdiction to adjudicate Plaintiff's class action allegations.

Defendant's position is not without support. This area of the law is in a state of flux, with many courts reaching the conclusion Defendant urges in this case. As explained below, however, the Court rejects this line of authority and declines to enter judgment in Plaintiff's favor over his objection. The Court's reasoning follows.

## II. DISCUSSION

### A. General Standards

Rule 12(b)(1) allows a party to move for dismissal based on the lack of subject matter jurisdiction. Challenges to subject matter jurisdiction can be facial or factual; here, Defendant attacks the factual existence of subject matter jurisdiction. The Court accordingly has "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 769 (6th Cir. 2014). As such, the Court will consider the Offer and Plaintiff's rejection thereof in adjudicating Defendant's motion.

Defendant's motion invokes the doctrine of mootness, which implicates subject matter jurisdiction. The United States Supreme Court has summarized the doctrine as follows:

3

> Article III, § 2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving " 'the legal rights of litigants in actual controversies,' " *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (quoting *Liverpool, New York & Philadelphia S.S. Co. v. Commissioners of Emigration,* 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885)). In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or " 'personal stake,' " in the outcome of the action. *See Camreta v. Greene*, 563 U.S. ——, ——, 131 S.Ct. 2020, 2028, 179 L.Ed.2d 1118 (2011) (quoting *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)). This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.
>
> A corollary to this case-or-controversy requirement is that " 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)). **If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.** *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal quotation marks omitted).

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) (emphasis added).  In other words, if Plaintiff's claim becomes moot, the Court loses subject matter jurisdiction over the action and must dismiss Plaintiff's complaint.  *See id.*; *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868))); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant's motion also invokes Rule 68.  That rule states, in relevant part:

4

> **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> . . .
>
> **(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is no more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation. . . . The Rule prompts both parties to a suit to evaluation the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

The issue before the Court involves the intersection between Rule 68 and the mootness doctrine. Specifically, the issues are: (1) whether the Offer rendered Plaintiff's individual claims moot because it terminated the case or controversy, and if so, (2) whether the class action allegations became moot once the Court lost subject matter jurisdiction over Plaintiff's claim.

### B. Relevant Case Law

A brief summary of relevant case law is necessary to put the Court's analysis in context. In *Brunet v. City of Columbus*, which involved a group of firefighters challenging Columbus' hiring practices, two firefighters alleged that they were improperly denied admission into a hiring

5

class. 1 F.3d 390, 398–400 (6th Cir. 1993). The firefighters were admitted into the class during the pendency of the litigation such that their claims became moot. *Id.* at 399. Holding that the plaintiffs' class action allegations became moot as well, the court stated:

> 'Settlement of a plaintiff's claims moots an action.' . . . When [the plaintiffs] entered the August, 1991 class, their claims that they should have been hired became moot. Admittedly, special mootness rules exist for class actions. *Once a class is certified,* the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists. . . . Where, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required. . . . Since [the plaintiffs] entered the class before even filing the certification motion, neither [the plaintiffs] had standing to contest the hiring procedures at the time of certification.
>
> . . .
>
> Some courts have held that a case does not become moot where a defendant 'picks off' the claims of named plaintiffs with settlement offers in an attempt to avoid a class action. . . . However, these cases are limited to the situation where 'a motion for class certification has been pursued with reasonable diligence and is then pending before the district court.' . . . In the present case . . . [the plaintiffs] accepted the offer before a motion was even filed.

*Id.* at 399–400 (internal citations omitted) (emphasis in original).

*Brunet* does not speak to the first issue before the Court. Accordingly, *Brunet*'s statements about class certification are relevant only if the Court finds that the Offer mooted Plaintiff's individual claim. *Brunet* also suggests that the Sixth Circuit is concerned with Rule 68 offers being used to "pick off" named plaintiffs before they have a chance to secure class certification.

The Sixth Circuit echoed this concern in *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005). There, the defendant made a Rule 68 offer of judgment to the named plaintiff as well as the putative class, which had not been certified. 399 F. 3d at 622. While a motion for class certification was fully briefed, but before the court had ruled on the

6

same, the plaintiffs accepted the Rule 68 offer. *Id*. The district court granted the motion for class certification and denied the defendant's motion to dismiss, effectively holding that the class action could proceed notwithstanding the Rule 68 offer to the named plaintiffs. *Id*. Affirming that decision, the Sixth Circuit stated:

> [T]he *Brunet* court in fact distinguished between cases that are settled before a motion for class certification is filed and cases where a settlement offer is made to a named plaintiff while a motion for class certification is pending … [T]he *Brunet* court suggested that it would be inappropriate to hold that a case was mooted by a settlement offer made to a named plaintiff when a motion for class certification was pending.

*Id*. at 624–25.

Three years later in 2009, the Sixth Circuit decided *O'Brien v. Ed Donnelly Enterprises, Inc*., 575 F.3d 567 (6th Cir. 2009). That case involved a group of employees who sued their employer for violations of the Fair Labor Standards Act ("FLSA"). 575 F.3d at 572–73. Six plaintiffs filed individual suits, at which time the defendant made Rule 68 offers for full relief. *Id*. The plaintiffs rejected the offers and argued that they could not be considered "except in a proceeding to determine costs." *Id*. at 574 (quoting Fed. R. Civ. P. 68(b)). But the Sixth Circuit disagreed, stating that the offers could be considered and in fact "mooted" the plaintiffs' claims and deprived the court of subject matter jurisdiction to hear the case. *Id*. at 574. The court declined to accept the theory "that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand. . . . Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment . . . ." *Id*. at 575. The court specifically noted that, because the plaintiffs did not demand a collective action, the court's holding did not implicate the concern of named plaintiffs being "picked off by defendants to avoid the onslaught of a putative collective action." *Id*. at 575.

7

The Sixth Circuit cited *O'Brien* in *Hrivnak v. NCO Portfolio Mgmt, Inc.*, 719 F.3d 564 (6th Cir. 2013), which is not on point with the facts of this case. *Hrivnak* involved a Rule 68 offer that did not give the plaintiff everything he asked for in his individual claims. 719 F.3d at 566. The court discussed, in dicta, the principle that an offer to provide full relief moots an individual claim. *See id*. at 567. But because the offer did not provide everything the plaintiff requested in his individual claim, the court found that the claim was not moot. *Id*. at 568. The *Hrivnak* court's holding is not relevant in this case, where it is undisputed that Defendant's offer would fully satisfy Plaintiff's individual claim. Defendant's reliance on *Hrivnak* throughout its motion and reply memorandum therefore is misplaced.

The precedent cited above must be viewed in light of the Supreme Court's 2013 decision in *Genesis Healthcare Corp. v. Symjczyk*, 133 S. Ct. 1523 (2013), which involved a collective action under the FLSA. The Supreme Court assumed without deciding the issue at the heart of this case: does an unaccepted Rule 68 offer for full relief moot a plaintiff's individual claim? Assuming that answer to be yes, the court held that the individual's FLSA collective action allegations became moot as well. *Id*. at 1532. The majority's opinion, like the opinion in *Brunet*, is only relevant if the Court finds that the Offer mooted Plaintiff's individual claim.

Justice Kagan, writing for herself and three other Justices, dissented in *Genesis*. Justice Kagan stated that an unaccepted Rule 68 offer can never moot a plaintiff's individual claim, meaning that the majority's opinion is never relevant. *Id*. at 1536. Justice Kagan also disagreed with Defendant's proposed course of action in this case:

> [R]ule 68 provides no appropriate mechanism for a court to terminate a lawsuit without the plaintiff's consent.
> Nor does a court have inherent authority to enter an unwanted judgment for [a hypothetical plaintiff Smith] on her individual claim, in service of wiping out her proposed collective action. **To be sure, a court has discretion to halt a**

8

> **lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrendrs and only the plaintiff's obsinacty or madness prevents her from accepting total victory.  But the court may not take that tack when the supposed capitulation in fact fails to give the plaintiff all the law authorizes and she has sought. And a judgment satisfying an individual claim does not give a plaintiff like Smith, exercising her right to sue on behalf of other employees, "all that [she] has ... requested in the complaint (i.e., relief for the class)."** *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 341, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (Rehnquist, J., concurring). No more in a collective action brought under the FLSA than in any other class action may a court, prior to certification, eliminate the entire suit by acceding to a defendant's proposal to make only the named plaintiff whole. That course would short-circuit a collective action before it could begin, and thereby frustrate Congress's decision to give FLSA plaintiffs "the opportunity to proceed collectively." *Hoffmann–La Roche*, 493 U.S., at 170, 110 S.Ct. 482; *see Roper*, 445 U.S., at 339, 100 S.Ct. 1166. It is our plaintiff Smith's choice, and not the defendant's or the court's, whether satisfaction of her individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit to an end.

*Id*. at 1536 (emphasis added).

### C. Analysis

The first issue before the Court—whether a Rule 68 offer moots Plaintiff's individual claim—hinges entirely on *O'Brien*.  And *O'Brien* appears, at first blush, to squarely resolve this issue in Defendant's favor.

But *O'Brien* cannot mean what its plain language suggests.  Viewed in context of other Sixth Circuit precedent and the *O'Brien* opinion itself, the court's statement that an unaccepted Rule 68 offer moots a plaintiff's claim and deprives the court of subject matter jurisdiction simply does not make sense.  *O'Brien* only makes sense if interpreted for the proposition that a Rule 68 offer compels the court, in certain circumstances, to enter judgment in the plaintiff's favor (which, in turn, moots the case).  Because those circumstances are not present in this case, the Court declines to enter judgment on Plaintiff's individual claim.  The Court similarly declines to dismiss the putative class' claims.

9

1. <u>Notwithstanding its plain language, *O'Brien* cannot stand for the proposition that a Rule 68 offer for full relief moots a plaintiff's claim and deprives a court of subject matter jurisdiction.</u>

Defendant's proposed interpretation of *O'Brien*, and the language used in the opinion, is inherently contradictory. If an unaccepted Rule 68 offer "mooted" the plaintiff's claim and deprived the court of subject matter jurisdiction, then the court would be forced to "declare that fact and dismiss the complaint." *Steel Co.*, 523 U.S. at 94. The court could not enter judgment in the plaintiff's favor because it would lack jurisdiction to do so. *See id.* Other courts have recognized this logical fallacy. *See, e.g., Bradford v. HSBC Mortg. Corp.*, 280 F.R.D. 257, 263 (E.D. Va. 2012) (citing *O'Brien* and stating, "a federal court has no power to enter judgment on a moot claim absent a stipulation to entry of judgment").

Moreover, if the act of making a Rule 68 offer mooted a plaintiff's claims and deprived the court of subject matter jurisdiction, then a pending class certification motion could not restore jurisdiction and save the case from dismissal. Dismissal of the uncertified class' claims, in addition to the plaintiff's individual claims, would be a necessary consequence of the loss of subject matter jurisdiction. *Cf. Genesis*, 133 S. Ct. at 1529 (holding that an uncertified collective action has no legal interest in the litigation). The Sixth Circuit's holding in *Carroll*, as well as its stated concerns in *O'Brien* and *Brunet* about "pick off" offers, would be nonsensical.

That the *O'Brien* court distinguished cases involving collection action allegations, held that a court should enter judgment in accordance with the Rule 68 offer rather than dismissing the case, and did not overrule *Carroll*, indicates that the court did not intend to hold that an unaccepted Rule 68 offer moots the case and deprives the court of subject matter jurisdiction. *O'Brien* can only mean that a Rule 68 offer compels the court—in certain circumstances—to enter judgment in accordance with the offer (thus mooting the case). The question becomes:

under what circumstances is it appropriate to enter judgment in the plaintiff's favor over his or her objection?

> 2. Entering judgment in the plaintiffs' favor was appropriate in *O'Brien*, but is not appropriate in this case.

The *O'Brien* court found that judgment was appropriate because the Rule 68 offer satisfied the plaintiffs' "entire demand." 575 F.3d at 574. The plaintiffs had demanded only individual relief, and the defendant offered to satisfy that relief in full. *Id*. The Sixth Circuit's holding that judgment was appropriate in those circumstances is consistent with Justice Kagan's point in *Genesis* that "a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders . . . ." 133 S. Ct. at 1536 (Kagan, J., dissenting).

*O'Brien* suggests that the result would have been different had the plaintiffs demanded more than individual relief in their complaint. Not only did the court explicitly distinguish cases in which plaintiffs "purport to bring a collective action," 575 F.3d at 575, but it also relied on *Greisz v. Household Bank (Illinois), N.A*., in which the Seventh Circuit further explained that distinction. 176 F.3d 1012, 1015 (7th Cir. 1999) (explaining that it would be a "different case if the [defendant] had tried to buy off [the plaintiff] with a settlement offer" before the judge denied class certification because, "at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit" (emphasis in original)). Indeed, once "the existence of other potential plaintiffs has been announced," an offer to the individual plaintiff only cannot satisfy the plaintiff's entire demand. *See id*.; *accord Deposit Guar. Nat'l Bank, Jackson, Miss., v. Roper*, 445 U.S. 326, 341 (1980) (Rehnquist, J., concurring) (stating that, when a defendant offers an individual seeking to proceed as a class representative

individual relief only, "the defendant has not offered all that has been requested in the complaint (i.e., relief for the class)"). At a minimum, these cases focus the Court's attention on Plaintiff's *demand*—which includes the relief sought on behalf of the putative class—regardless of whether Plaintiff has a legal interest in representing the class before it is certified.

Here, Plaintiff *demanded* class action relief in his complaint. That demand is still live in that the Court has not rejected class certification and Plaintiff has not been dilatory in pursuing it.

The Offer does not purport to satisfy that demand. *O'Brien*, therefore, does not mandate that the Court enter judgment in Plaintiff's favor over his objection. Because Defendant's argument that the Offer moots Plaintiff's individual claims relies entirely on *O'Brien* (and the Sixth Circuit's comments about *O'Brien* in *Hrivnak*), the Court rejects the same. *See* ECF No. 19, at PAGEID # 83–84; *see also Roper*, 445 U.S. at 341 (Rehnquist, J., concurring) (stating that a plaintiff is not required to accept a Rule 68 offer for less than his entire demand); *accord Genesis*, 133 S. Ct. at 1536 (Kagan, J., dissenting) (stating that a court does not "have inherent authority to enter an unwanted judgment for [a plaintiff] on her individual claim, in service of wiping out her proposed collective action"). The Court similarly rejects Defendant's argument that the Offer moots Plaintiff's putative class claims.

The Court notes that it reaches these conclusions without reference to the timing of Plaintiff's motion for class certification. Once Plaintiff sought class action relief in his complaint, the filing of a placeholder motion along with the complaint should have no bearing on the Court's ability to adjudicate this case. Requiring plaintiffs to file such a motion "is an invitation to procedural gamesmanship" that encourages premature motion practice. *Hrivnak v. NCO Portfolio Mgmt, Inc.*, No. 1:10-CV-646, 2010 WL 5392709 (N.D. Ohio Dec. 22, 2010), *aff'd*, 719 F.3d 564 (6th Cir. 2013). That is especially true where, as here, the Court's Local

Rules do not allow motions for class certification to be filed before the Rule 26(f) conference. *See* S.D. Ohio L. Civ. R. 23.3.

But if the timing of Plaintiff's motion for class certification is the dispositive factor, the Court notes that such a motion was pending at the time Defendant served the Offer.[1] The Court's holding therefore does not conflict with the Sixth Circuit's statements in *Carroll* or *Brunet* (as interpreted by the *Carroll* court) about the timing of a motion for class certification.

### D. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. (ECF No. 19). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1292(b), that the issues presented in Defendant's motion involve a controlling question of law as to which there is substantial ground for difference of opinion such that an immediate appeal from this Opinion and Order will materially advance the ultimate termination of this litigation.[2]

The stay of discovery set forth in the Court's April 1, 2015 Order shall remain in effect. If the time for appeal under § 1292(b) elapses with no action from Defendant, the Court will set a telephone status conference to address the stay and discuss a scheduling order in this matter.

**IT IS SO ORDERED**.

        **/s/ Gregory L. Frost**
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**

---

[1] Defendant faults Plaintiff for not referencing any evidence in his motion; however, it goes without saying that Plaintiff did not have the opportunity to do so.

[2] Because the outcome of this decision materially affects the outcome of this case, in that the opposite conclusion would compel the Court to dismiss this case for lack of subject matter jurisdiction, the issues discussed herein present a "controlling question of law." 28 U.S.C. § 1292(b); *see also Hrivnak v. NCO Portfolio Mgmt., Inc*., No. 1:10-CV-646, 2010 WL 5392709, at *9 (N.D. Ohio Dec. 22, 2010) (certifying this issue for immediate appeal); *Hrivnak*, 719 F.3d at 567 (permitting the appeal but stating that the court did not reach the issue that is the subject of this Opinion and Order). For a discussion on the split of authority on this issue, see *Genesis*, 133 S. Ct. at 1529 n.4 (discussing the circuit split on the issue of whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient by itself to moot the action).