UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP J. CHARVAT,

       Plaintiff,

          v.

NATIONAL HOLDINGS
CORPORATION d/b/a NATIONAL
SECURITIES,

       Defendant.

Case No. 2:14-cv-2205
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion to reopen case to allow limited discovery. (ECF No. 35.) For the reasons that follow, the Court **GRANTS** the motion and reopens this matter for the limited purpose of permitting Plaintiff to identify and issue subpoenas to certain third parties.

Plaintiff filed this case on November 11, 2014 alleging violations of the Telephone Consumer Protection Act. The parties participated in a Federal Rule of Civil Procedure 26(f) conference on February 17, 2015, and a preliminary pretrial conference on March 18, 2015. Shortly thereafter, on April 1, 2015, the Court stayed all discovery in this matter until it adjudicated Defendant's then-pending motion to dismiss.

The Court denied Defendant's motion but certified the issue for immediate appeal. Defendant filed a notice of appeal on June 5, 2015, and the Court administratively closed this case that same day.

Plaintiff now moves to reopen this case for the limited purpose of identifying third-party providers in possession of call records and "consent evidence" relevant to his claim. (ECF No. 35, at PAGEID # 231.) Plaintiff asserts that he must identify and subpoena these third-party providers in order to preserve relevant evidence. According to Plaintiff, Defendant acknowledges that such records are in the possession of third parties but claims to have no obligation to request preservation of the same. Plaintiff adds that this evidence is likely to be destroyed absent a preservation request in the near future.

Defendant responds that Plaintiff's request to reopen this case is properly characterized as a motion to compel, which cannot be granted "without [a] predicate document request or interrogatory." (ECF No. 37, at PAGEID # 245.) Because Plaintiff has not yet issued specific requests for the records he seeks, Defendant argues, the motion to compel is premature.

This argument is without merit. The Court reads Plaintiff's motion as a request to reopen this case so he can serve the discovery requests Defendant references. Accordingly, and given the fact that the Court stayed discovery less than two weeks after the preliminary pretrial conference in this case, the Court declines to fault Plaintiff for not serving these requests sooner.

Defendant's next argument—that "Plaintiff had sufficient opportunity to obtain the information," (ECF No. 37, at PAGEID # 246)—is similarly meritless. Defendant argues that Plaintiff was on notice "no later than March 23" that the records he sought were in possession of third party providers. (ECF No. 37, at PAGEID # 246.) The Court stayed discovery nine days later. It is unclear to the Court why Plaintiff should be faulted for not having obtained the discovery he seeks in that nine-day period.

Defendant further argues that Plaintiff should have objected to the Court's order staying discovery or filed his motion at the time the Court administratively closed this case. Again, however, the Court fails to see why the relatively short delays should preclude Plaintiff from preserving information in possession of third parties that undoubtedly will be relevant to any claim that survives Defendant's motion to dismiss.

Finally, Defendant asserts that "the burden of monitoring and participating with respect to the subpoenas that Plaintiff intends to issue to third-parties, many of whom have a business relationship with National Holdings, will be burdensome." (ECF No. 37, at PAGEID # 247.) This assertion, standing alone, fails to overcome Plaintiff's need for the records he seeks.

For these reasons, the Court **GRANTS** Plaintiff's motion (ECF No. 35) and **DIRECTS** the Clerk to reopen this case for the limited purpose of allowing Plaintiff to discover the identities of any third-party telemarketers, phone companies, lead generators, or other third parties involved in calling Plaintiff and other members of the putative class, and to allow Plaintiff's counsel to issue subpoenas to those parties. The parties shall notify the Court when this limited discovery is complete.

**IT IS SO ORDERED**.

>*/s/ Gregory L. Frost*
>**GREGORY L. FROST**
>**UNITED STATES DISTRICT JUDGE**