# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PHILIP J. CHARVAT,**

      **Plaintiff,**

-v-

**NATIONAL HOLDINGS CORP.,** *et al.*,

      **Defendants.**

Case No.: 2:14-cv-2205
**JUDGE GEORGE C. SMITH**
**Magistrate Judge Deavers**

## OPINION AND ORDER

On July 26, 2018, the United States Magistrate Judge issued an Opinion and Order on Defendant's Motion for Leave to Amend Answer. (Doc. 63). In the Opinion and Order, Magistrate Judge Deavers denied Defendant's Motion for Leave to Amend Answer and found that Defendant waived its right to amend its affirmative defenses to assert an affirmative personal jurisdiction defense with respect to unnamed out-of-state Plaintiffs. (*Id.*). This matter is now before the Court on Defendant National Holdings Corporation's Objections to the Magistrate Judge's Opinion and Order. (Doc. 64). Plaintiff has responded in opposition. (Doc. 66).

Upon timely objection, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *Eversole v. Butler County Sheriff's Office*, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's Order.

Defendant asserts that the Magistrate Judge failed to apply the correct standard to a motion for leave to amend by finding the motion untimely and failing to address or find bad faith, undue delay, prejudice, or futility. Plaintiff responds that the Opinion and Order was based primarily on Defendant's waiver and full analysis of the leave to amend factors under Rule 15 was not necessary.

The Magistrate Judge correctly set forth the relevant standard here and properly analyzed Defendant's request to add a personal jurisdiction defense. Despite Defendant's arguments that there was a change in law justifying raising the defense at this stage in the litigation, Magistrate Judge Deavers correctly held that Defendant should have raised the defense in the first responsive pleading filed over three and a half years ago and the failure to do so constitutes waiver.

Therefore, the Court agrees with the reasoning of the Magistrate Judge in her Opinion and Order and does not find her conclusions contrary to law. For the reasons stated above, Defendant's Objections to the Magistrate Judge's Opinion and Order are hereby **OVERRULED.** The Magistrate Judge's July 26, 2018 Opinion and Order is hereby **ADOPTED AND**

**AFFIRMED**.

The Clerk shall remove Document 64 from the Court's pending motions list.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**