# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP J. CHARVAT on behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-cv-02205 |
| | : | |
| v. | : | Judge George C. Smith |
| | : | |
| NATIONAL HOLDINGS CORPORATION d/b/a NATIONAL SECURITIES, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PHILIP J. CHARVAT on behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:16-cv-00120 |
| | : | |
| v. | : | Judge George C. Smith |
| | : | |
| SHAMPAN LAMPORT LLC, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter having come before the Undersigned on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff Phillip J. Charvat and Defendants National Holdings Corporation ("National Holdings") and Shampan Lamport LLC ("Shampan Lamport"), pursuant to the parties' Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Undersigned hereby finds as follows:

1. Unless defined herein, all defined terms in this Report and Recommendation have the respective meanings set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on May 24, 2019, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. The Undersigned has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, the arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Defendants, and supporting declarations. The Court has not received any objections from any person regarding the Settlement. The Undersigned held a hearing on September 25, 2019, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Furthermore, the Undersigned finds that notice under the Class Action Fairness Act was timely and properly effectuated on May 24, 2019, and that ninety (90) days have passed without comment or objection from any governmental entity.

5. Based on the papers filed with the Court and the presentations made to the Undersigned at the hearing, the Undersigned now recommends final approval of the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual history of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6. Under Federal Rule of Civil Procedure 23(c), the Undersigned now recommends certification of, for settlement purposes only, the following "Settlement Class."

> All persons residing in the United States (i) to whom a registered representative of National Securities affiliated with Sharpco International, Inc. made more than one

call within a 12-month period to solicit the purchase of any product or service sold or offered by National Securities (ii) to a residential phone number (iii) that had been listed on the National Do Not Call Registry for at least 31 days (iv) from November 11, 2010 through May 24, 2019, and (v) limited to calls to telephone numbers on the "Class List," excluding Class Counsel, Defendants' Counsel, and any judge before whom the Action is assigned and members of the immediate family of such judge.

7. Under Federal Rule of Civil Procedure 23, Phillip J. Charvat is appointed as Class Representative and the following are appointed as Class Counsel:

> Brian K. Murphy
> Jonathan P. Misny
> Murray Murphy Moul + Basil LLP
> 1114 Dublin Road
> Columbus, Ohio 43215
> (614) 488-0400
> murphy@mmmb.com
> misny@mmmb.com
>
> Edward A. Broderick
> Broderick Law, P.C.
> 99 High St., Suite 304
> Boston, MA 02110
> (617) 738-7080
> ted@broderick-law.com
>
> Matthew P. McCue
> Law Office of Matthew P. McCue
> 1 South Ave., Third Floor
> Natick, MA 01760
> (508) 655-1415
> mmccue@massattorneys.net

8. With respect to the Settlement Class, the Undersigned finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and Class Counsel adequately represent the interests

of the Settlement Class, and a settlement class action is a superior method of adjudicating this Action.

9. The Undersigned has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Undersigned finds that proper and timely notice was provided to the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. All persons whose names were included on the list supplied by Class Counsel, attached as Exhibit 1 to the Declaration of the Settlement Administrator, as having made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Report and Recommendation or any subsequent Order by the Court adopting it.

12. The Undersigned recommends that the Court order the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, are deemed incorporated herein as if explicitly set forth and, if this Report and Recommendation is adopted, will have the full force of an order of this Court. Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully, finally, completely, and forever, release, relinquish, acquit, and discharge the Released Parties (as defined in the Settlement Agreement) against all Released Claims, including all actual, potential, filed, known or unknown (including Unknown Claims), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected,

material or immaterial, matured or unmatured, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative, claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or expenses, costs, attorneys' fees and or obligations of any kind or nature whatsoever, whether in law or in equity, based on the TCPA or any other federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation, against the Released Parties, or any of them, arising out of or relating in any way to telemarketing calls allegedly by or on behalf of National Holdings, National Securities, and/or Shampan Lamport promoting products or services sold by or through National Securities or National Holdings. This includes, but is not limited to, any telemarketing calls by or on behalf, or purporting to act on the behalf, of National Holdings, National Securities, and/or Shampan Lamport promoting products or services sold by or through National Securities or National Holdings alleged to violate the TCPA, one or more numbers registered with any state do-not-call list, internal do-not-call list(s), or any federal or state unfair and deceptive practice statutes, invasion of privacy, and/or conversion. The Released Claims include any and all claims that were brought or could have been brought in the Action.

13. The Plaintiff and all Settlement Class have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Plaintiff and the Releasing Parties understand and acknowledge that they have expressly waived and relinquished, to the fullest extent permitted by

law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and the Releasing Parties understand and acknowledge that they have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiff and the Releasing Parties understand and acknowledge they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have.

14. The Undersigned recommends dismissal of this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Undersigned recommends adjudgment that the Releasing Parties, and each of them, have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

15. The Releasing Parties are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined

from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

16. The Undersigned further recommends adjudgment that the above described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties. The Released Parties may file the Settlement Agreement, this Report and Recommendation and/or any subsequent Order adopting this Report and Recommendation in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The benefits and payments described in the Agreement are the only consideration, fees, and expenses Defendants or the Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Agreement, the Released Claims, and the payment of attorneys' fees and expenses.

18. The Undersigned recommends that the Court retain jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and

Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

19. The Undersigned recommends approval of the payment of attorneys' fees to Class Counsel in the amount of $108,333.00 plus their costs and expenses of $37,154.71. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Undersigned, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, and in response to any filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Undersigned notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award. Defendants shall not be responsible for and shall have no liability with respect to allocation among Class Counsel, and/or any person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

20. The Undersigned recommends approval of the incentive fee payment of $10,000 for Plaintiff Phillip J. Charvat and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Settlement Agreement and this Report and Recommendation, as well as any Order adopting this Report and Recommendation are not admissions of liability or fault by National Holdings, Shampan Lamport, or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law. The Agreement and Settlement are not a concession by National Holdings, Shampan Lamport, or the Released Parties, and neither this Report and Recommendation, any Order adopting this Report and Recommendation and final Judgment, nor any of the terms or provisions, nor any of the negotiations or proceedings connected

with it, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by, National Holdings, Shampan Lamport, or the Released Parties. Notwithstanding the foregoing, nothing in this Report and Recommendation, any subsequent Order adopting this Report and Recommendation or Judgment shall be interpreted to prohibit the use of this Report and Recommendation, any subsequent Order adopting this Report and Recommendation and Judgment in a proceeding to consummate or enforce the Agreement, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

22. The Parties are authorized without further approval from the Court to agree upon such modifications of the Agreement and all exhibits thereto as shall be consistent in all respects with this Report and Recommendation and do not limit the rights of Class Members.

23. The Undersigned recommends that final judgment should be entered and that there is no just reason for delay in the entry of final judgment as to Plaintiffs and Defendants. Accordingly, the Undersigned hereby **RECOMMENDS** that the Settlement and the findings herein be approved.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

                                              *s/ Elizabeth A Preston Deavers*
                                              **ELIZABETH A. PRESTON DEAVERS**
                                              **CHIEF UNITED STATES MAGISTRATE JUDGE**